UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
AUG 07 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

VS.                                                   INDICTMENT NO. 5:25-CR-101-GFVT-EBA

**MABEL FRANCIS SOTO
and TAYLOR LEE BURDEN**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 846

On or about September 1, 2022, the exact date unknown, and continuing through on or about October 19, 2022, in Scott County, in the Eastern District of Kentucky,

**MABEL FRANCIS SOTO
and TAYLOR LEE BURDEN**

did knowingly and intentionally engage in a conspiracy to possess with the intent to distribute and to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, and a mixture or substance containing a detectable amount of methamphetamine, both Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1) and in violation of 21 U.S.C. § 846.

### COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about October 19, 2022, in Scott County, in the Eastern District of Kentucky,

**MABEL FRANCIS SOTO
and TAYLOR LEE BURDEN**

did knowingly and intentionally possess with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl and a detectable amount of methamphetamine, both Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 21 U.S.C. § 856(a)

On or about October 1, 2022, the exact date unknown and through on or about October 19, 2022, in Scott County, in the Eastern District of Kentucky,

**MABEL FRANCIS SOTO
and TAYLOR LEE BURDEN**

did knowingly open, use, and maintain a place, on Payne Street in Georgetown, Kentucky, whether permanently or temporarily, for the purpose of distributing controlled substances, all in violation of 21 U.S.C. § 856.

## COUNT 4
## 18 U.S.C. § 922(g)(1)

On or about October 19, 2022, in Scott County, in the Eastern District of Kentucky,

**MABEL FRANCIS SOTO,**

knowing she had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed the following firearm: a Smith & Wesson 380 handgun, Serial Number: KFV4401, said firearm having been shipped and transported in interstate and foreign commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)
## 28 .S.C. § 2461

1.      By virtue of the commission of the felony offenses alleged in Counts 1, 2, and 3 of the Indictment, **TAYLOR LEE BURDEN and MABEL FRANCIS SOTO** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. §§ 841, 846, and 856 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of those violations. Any and all interest that **MABEL FRANCIS SOTO and TAYLOR LEE BURDEN** have in this property are vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.      By virtue of the commission of the offense alleged in Count 4 of the Indictment, **MABEL FRANCIS SOTO and TAYLOR LEE BURDEN** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation of 18 U.S.C. § 922(g)(1). Any and all interest that **MABEL FRANCIS SOTO and TAYLOR LEE BURDEN** have in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.      The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
$251,760.75 in U.S. currency seized on or about October 19, 2022.

**FIREARM AND AMMUNITION:**
a. Smith & Wesson 380 handgun, Serial Number: KFV4401;
b. Assorted ammunition and accessories.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

███████████████

FOREPERSON

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## **PENALTIES**

**COUNTS 1 & 2:**  **40 Grams or fentanyl:**
Not less than 5 years imprisonment, $5,000,000 fine, and at least 4 years supervised release.

**If methamphetamine:**
Imprisonment for not more than 20 years, a fine of not more than $2,000,000, and supervised release of not less than 6 years.

**If prior felony drug conviction:**
Imprisonment for not more than 30 years, a fine of not more than $1,000,000, and supervised release of not less than 3 years.

**COUNT 3:**  Imprisonment for not more than 20 years, a fine of not more than $500,000, and supervised release of not more than 3 years.

**COUNT 4:**  Imprisonment for not more than 15 years, not more than $250,000 fine, and supervised release of not more than 3 years.

**PLUS:**  Mandatory special assessment of $100 per count applies.

**PLUS:**  Restitution, if applicable.